IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CR. NO. 12-52 Erie |
| | ) | |
| JAMES LAMONT JOHNSON | ) | |

## MEMORANDUM OPINION AND ORDER

Defendant James Lamont Johnson requested appointment of counsel in this case on September 18, 2012. ECF No. 12. The Federal Public Defender was appointed to represent Mr. Johnson; specifically, Assistant Federal Public Defender Thomas Patton. Mr. Johnson has now filed a "Request for Appointment of New Counsel" with brief in support, requesting that he be able to choose his appointed counsel. ECF Nos. 27 & 28. In addition, Mr. Johnson has filed a pro se "Informal Omnibus Pretrial Motion." ECF No. 22.

Because Mr. Johnson does not have the right to counsel of his own choosing we will deny his motion for appointment of new counsel. A defendant is guaranteed the right to counsel by the Sixth Amendment. Gideon v. Wainwright, 372 U.S. 335, (1963). However, the "right to counsel does not include more than the right to representation by competent counsel at trial." Siers v. Ryan, 773 F.2d 37, 44 (3rd Cir. 1985). An indigent defendant who requests appointed counsel does not have an absolute right to appointed counsel of his own choosing. Id., citing Davis v. Stamler, 650 F.2d 477, 479-80 (3d Cir.1981). In addition, "there is no corollary right to have any special rapport or even confidence in the court-appointed counsel." Id., citing Morris v. Slappy, 461 U.S. 1, 13-14 (1983). The Supreme Court explicitly "reject[ed] the claim that the Sixth Amendment guarantees a 'meaningful relationship' between an accused and his counsel." Morris, 461 U.S. at 14.

We will also dismiss Mr. Johnson's Informal Omnibus Pretrial Motion. A defendant has the right to represent himself, but he does not have the right to appear partly by himself and partly by counsel. United States v. Daniela, 572 F.2d 535, 540 (5th Cir. 1978); *see also* United States v. Halbert, 640 F.2d 1000, 1009 (9th Cir.1981); Hall v. Dorsey, 534 F.Supp. 507, 508 (E.D.Pa.1982). United States v. Swinney, 970 F.2d 494 (8th Cir. 1992); Cross v. United States, 893 F.2d 1287, 1291-1292 (11th Cir. 1990). Accordingly, we will dismiss Mr. Johnson's pro se Informal Omnibus Pretrial Motion based on the fact that Mr. Johnson has appointed counsel.

Accordingly, the following Order is entered.

AND NOW, this __15th__ day of November, 2012, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. Defendant's Request for Appointment of New Counsel be and hereby is DENIED.

2. Defendant's Informal Omnibus Pretrial Motion is hereby DISMISSED on the grounds that Mr. Johnson has appointed counsel.

_____
Maurice B. Cohill, Jr.
Senior United States District Judge