IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| vs. | ) | |
| | ) | CR 12-52 Erie |
| JAMES LAMONT JOHNSON, | ) | |

## OPINION & ORDER ON MOTION for BRADY/GIGLIO MATERIAL

Defendant James Lamont Johnson is charged in a one-count indictment with Possession of an Unregistered Firearm, specifically, a firearm silencer, in violation of 26 U.S.C. § 5861(d). Presently before the Court is Defendant's Motion for the Production of Brady/Giglio Material and the government's response thereto.

Defense counsel has filed a narrowly tailored motion seeking pretrial production of material as exculpatory material under Brady v. Maryland, 373 U.S. 83 (1963), and potential impeachment material under Giglio v. United States, 405 U.S. 150, 154 (1972) and Kyles v. Whitley, 514 U.S. 419, 436 (1995). Defendant seeks exculpatory evidence related to the fact that no buy money was exchanged for the silencer even though the informant had told police Mr. Johnson was to pay $150 for the silencer. Defendant also seeks all potential impeachment evidence related to the fact that just four days prior to approaching the Meadville Police with information regarding potential criminal activity he received a traffic ticket from the Meadville Police Department.

As succinctly stated by the appellate court in United States v. Ramos, 27 F.3d 65 (3d Cir. 1994):

> [c]riminal pretrial discovery is, of course, vastly different from discovery in civil cases. In contrast to the wide-ranging discovery permitted in civil cases, Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of

1

> information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution. The Jencks Act requires that after each government witness has testified on direct examination, the government must produce to the defense "any statement" made by the witness which relates to his or her testimony. In Brady, the Supreme Court held that due process required that the government produce all "exculpatory" evidence, which includes both "[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness." United States v. Hill, 976 F.2d 132, 134-35 (3d Cir.1992).

Id. at 67-68. See also United States v. Bagley, 473 U.S. 667, 672 (1985) ("the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial"). Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the government is obligated to disclose exculpatory evidence without undue delay.

Unless Rule 16(a)(1) provides otherwise, "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed.R.Crim.P. 16(a)(2). "Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [(the Jencks Act)]." Fed.R.Crim.P. 16(a)(2). The Jencks Act provides in relevant part as follows:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the

2

testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

. . . .

18 U.S.C. § 3500(a) & (b).

The government argues that the fact that no buy money was exchanged is not exculpatory under the facts of this case. However, if a defendant chooses to defend a possession case by claiming he did not possess the item, exculpatory evidence would be any evidence that would undermine the allegation that an exchange occurred. The fact that no buy money was exchanged, even though the informant had explained to police officers that part of the arranged deal included the exchange of money, is exculpatory.

We understand that the government intends to present persuasive evidence to undermine the exculpatory nature of the lack of buy money. Specifically, the government has evidence that shows that when Mr. Johnson received the silencer he told the informant he would pay him later. Furthermore, the government has already voluntarily turned over a redacted copy of the report reflecting the fact that Mr. Johnson promised he would make the payment later. It will be up to a jury to weigh the evidence and determine the credibility of the witnesses. Therefore, we cannot conclude that the government's evidence refutes the exculpatory nature of the lack of buy money.

With the above in mind, a defendant is not entitled to statements made by prospective government witnesses except as provided under the Jencks Act. See Rule 16(a)(2). The government has voluntarily provided the salient portions of the relevant report earlier than required. We therefore find the government has met its Brady obligations with respect to the lack of buy money, even though its position is that it is not exculpatory. Finally, there is no basis

3

upon which the court can order the government to provide investigative statements as Jencks material prior to the time a witness has testified on direct examination at trial.

With regard to Mr. Johnson's request for potential impeachment material related to the informant's traffic ticket the government states that it does not object to disclosing such material consistent with Giglio; but it does object to being ordered to prematurely disclose such evidence.

The government has indicated that it has inquired into the issuance of the traffic ticket and so far the investigation shows no connection between the ticket and the informant's decision to cooperate against Mr. Johnson. The government further indicates that if it does learn any new evidence relevant to the traffic ticket it will provide such material to defense counsel prior to trial.

Accordingly, we will deny Defendant's motions as moot. We do however encourage the government to provide defense counsel with Jencks Act materials in time for its effective use at trial and in order to avoid any delays during trial. We also note that the government has a continuing obligation to provide supplement materials as they become available. Thus, the government should disclose exculpatory or impeachment evidence that must be disclosed pursuant to the relevant law, to defense counsel as it becomes known to the government and consistent with the Jencks Act.

## ORDER

AND NOW, this 25th day of April 2013, it is hereby ORDERED, ADJUDGED and DECREED that Defendant James Lamont Johnson's Defendant's Motion for the Production of Brady/Giglio Material (ECF No. 34) be and hereby is DENIED as moot.

Maurice B. Cohill, Jr.
United States District Judge