IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES LAMONT JOHNSON, ) | |
| ) | |
| Petitioner ) | |
| ) | Criminal No. 12-52 Erie |
| v. ) | Civil No. 14-312 Erie |
| ) | |
| UNITED STATES OF AMERICA, ) | Judge Maurice B. Cohill, Jr. |
| ) | |
| Respondent ) | |

## OPINION and ORDER

Presently before the Court is Petitioner James Lamont Johnson's Motion to Vacate, Set Aside, or Modify Sentence under 28 U.S.C. § 2255, filed at Criminal No. 12-52 Erie [ECF No. 98]. The Government has filed a Response to the Motion [ECF No. 102].

I. Background

Mr. Johnson was charged with one count of Possession of an Unregistered Firearm, in violation of 26 U.S.C. § 5861(d). On May 17, 2013, Mr. Johnson was convicted by a jury of the charge in the indictment. On October 7, 2013, this Court sentenced Mr. Johnson to a term of imprisonment of 120 months with 3 years of supervised release to follow. Mr. Johnson appealed his sentence to the United States Court of Appeals for the Third Circuit, which affirmed the conviction and sentence on September 16, 2014. See United States v. Johnson, 578 Fed. Appx. 150 (3d Cir. 2014).

II. Standard of Review Under 28 U.S.C. § 2255

Section 2255 of Title 28 of the United States Code provides a means of collaterally attacking a sentence imposed after a conviction. See United States v. Cannistraro, 734 F. Supp.

1110, 1119 (D. N.J. 1989), *aff'd* 919 F.2d 133 (3d Cir. 1990), *cert. denied* 500 U.S. 916 (1991). Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct a sentence:

> [U]pon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255 (2012). Relief under this provision is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F. Supp. 337, 339 (E.D. Pa. 1997) (quoting Hill v. United States, 368 U.S. 424, 428 (1962).

When a Motion is made under 28 U.S.C. § 2255, the question of whether to order a hearing is committed to the sound discretion of the district court. In exercising that discretion, the court must accept the truth of Petitioner's allegations unless they are clearly frivolous on the basis of the existing record. See United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992). Further, the court must order an evidentiary hearing to determine the facts unless the motion, files, and records of the case show conclusively that the petitioner is not entitled to relief. See Id.; Gordon, 979 F. Supp. at 339.

We find no need for an evidentiary hearing here, as the record conclusively establishes that Mr. Turner is not entitled to the relief sought in the petition. See 28 U.S.C. § 2255. Accordingly, we will deny his motion for an evidentiary hearing.

## III. Discussion

Mr. Johnson raises two grounds for relief: (1) actual and factual innocence, and (2) illegal arrest [ECF No. 98 at 5, 6]. Specifically, he alleges as to actual and factual innocence that: "I was never afforded the opportunity to present evidence that will demonstrate my innocence....Neither of my attorneys' [sic] pursued my claims and did not challenge the Governments [sic] claims to bring these fabricated charges." [ECF No. 98 at 5]. Further, he alleges as to illegal arrest that: "There was no arrest warrants issued for my arrest **PRIOR** to [the] indictment." [ECF No. 98 at 6 (emphasis in original)].

Initially, Mr. Johnson is procedurally barred from raising both claims, as they could have been raised on direct review but were not. See Bousley v. United States, 523 U.S. 614, 621 (1998). Claims not raised in the district court and not raised on direct appeal are defaulted and may not be raised in a Section 2255 motion except under very specific circumstances. Id. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" Id. at 622 (citing Murray v. Carrier, 477 U.S. 478, 485 & 496 (1986); Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Smith v. Murray, 477 U.S. 527, 537 (1986)). See also United States v. Frady, 456 U.S. 152, 167-68 (1982)).

To show cause to allow a defaulted claim, the Petitioner "must establish that 'some external impediment' prevented him from raising the claim." Wise v. Fulcomer, 958 F.2d 30, 34 n. 9 (3d Cir. 1992) (quoting McClesky v. Zant, 499 U.S. 467 (1991)). See also Frady, 456 U.S. at 170. In addition, Petitioner must show that he was actually prejudiced, which "exists where 'errors at trial…worked to [Petitioner's] actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimensions.'" Coleman v. Thompson, 501 U.S. 722, 753 (1991).

3

See also Murray v. Carrier, 466 U.S. 478, 494 (1986); Frady, 456 U.S. at 170. As an alternative, Petitioner must show 'actual innocence,' which is concerned with actual, as opposed to legal, innocence. See Calderon v. Thompson, 523 U.S. 538, 559 (1998). "To establish actual innocence, petitioner must demonstrate that 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" Bousley, 523 U.S. at 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)).

In support of establishing cause and prejudice as to the first claim, Mr. Johnson alleges that his counsel was ineffective for failing to pursue claims of innocence at trial [ECF No. 98 at 5]. "A claim of ineffective assistance requires a defendant establish that counsel's representation fell below an objective standard of reasonableness and that the deficient performance prejudiced the defendant." McAleese v. Mazurkiewicz, 1 F.3d 159, 166 (3d Cir. 1993) (citing Strickland v. Washington, 466 U.S. 668, 687-88 (1984)).

We will dismiss this claim because Mr. Johnson is unable to establish that he suffered any prejudice from the alleged ineffective assistance in failing to argue for his innocence at trial. Mr. Johnson's counsel presented a theory of innocence at trial in his opening statement to the jury [ECF No. 88 at 103-04], attempted to elicit testimony in support of this theory through cross-examination [ECF No. 88-90], and advocated for Mr. Johnson's acquittal based on this theory in closing arguments [ECF No. 90 at 202-03, 211-12]. Accordingly, we will deny this claim.

In support of establishing cause and prejudice as to the second claim, Mr. Johnson alleges that his warrantless arrest was illegal [ECF No. 98 at 6]. However, Mr. Johnson's arrest was lawful according to both state and federal law because it was supported by probable cause. Probable cause to arrest exists in federal court when the totality of the circumstances within an

4

officer's knowledge is sufficient to warrant a person of reasonable caution to conclude that the person being arrested has committed or is committing an offense. See United States v. Laville, 480 F.3d 187, 192 (3d Cir. 2007). While under surveillance, Mr. Johnson was provided a firearm silencer from the Confidential Informant ("C.I."). Although law enforcement officers were not able to witness the actual transaction, an officer specifically asked the C.I. after the transaction occurred whether or not the transaction had taken place, which the C.I. in fact confirmed [ECF No. 88 at 154]. Thus, based on the totality of the circumstances known to the law officers at the time, probable cause existed to believe that a felony offense occurred. Accordingly, Mr. Johnson's warrantless arrest was legal and we deny this claim.

A court should issue a Certificate of Appealability where a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner meets this burden by showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). We find that jurists of reason would not find it debatable whether Mr. Johnson states a valid claim of the denial of a constitutional right, and jurists of reason would not find debatable the issue of whether we were correct in concluding that the petition does not present any claims upon which habeas relief may be granted. Therefore, the Court will deny a Certificate of Appealability.

## IV. Conclusion

Mr. Johnson's Section 2255 Motion will be denied, and a Certificate of Appealability will not be issued.

Accordingly, the following order is entered.

5

AND NOW, to-wit, this 28th day of July 2015 for the reasons stated above, it is hereby ORDERED, ADJUDGED and DECREED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [ECF No. 98] is DENIED.

The Court declines to issue a Certificate of Appealability.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

cc: James Lamont Johnson, pro se
No. 20078-068
CCA Northeast Ohio Corrections
2240 Hubbard Road
Youngstown, OH 44505