IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | CR 12-52 |
| ) | |
| JAMES LAMONT JOHNSON ) | |

**MEMORANDUM ORDER**

Before the Court is Defendant's Motion for relief pursuant to Fed. R. Civ. P. 60(b)(3) and (4). He contends that due to prosecutorial fraud, he was federally prosecuted for a local crime, and this Court was without jurisdiction in this matter. In particular, he argues that the statute of conviction, 26 U.S.C. § 5861(d), was enacted in violation of the United States Constitution, because it infringes on the sovereignty of Pennsylvania. Section 5861(d) renders it unlawful for any person to receive or possess a firearm that is not registered to him in the National Firearms Registration and Transfer Record. In addition, Defendant again challenges the arrest warrant issued in CR 12-51. The Government argues that Rule 60(b) is not an appropriate vehicle for relief in this case, and alternatively, Defendant's claim fails on the merits. The nature and results of Defendant's prior post-sentencing petitions have been detailed in this Court's prior Opinions, and need not be recounted here. Presently, Defendant's Motion has been considered pursuant to well-established liberal standard applicable to pro se litigants.

Rule 60(b)(3) permits relief from a final judgment, order, or proceeding based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly

1

presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). Proof of fraud must be clear and convincing. Emerson-West v. Redman, 630 F. Supp. 2d 373, 377 (D. Del. 2009). Rule 60(b)(4), in turn, provides for relief from a void judgment. The moving party bears the burden of demonstrating entitlement to such relief. See, e.g., Soly v. Warlick, No. 91-0212, 2015 U.S. Dist. LEXIS 132144, at *11 (D.V.I. Sep. 30, 2015). A Rule 60(b) Motion must be made within a "reasonable time," and if based on fraud under subsection (3), no more than one year after the entry of the judgment or order. Moreover, our Court of Appeals has stated as follows:

> [I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).

Under these principles, it is clear that Defendant continues his collateral attack on his conviction, and his Motion is properly viewed as a second or successive petition pursuant to 28 U.S.C. § 2255, which he cannot bring absent appropriate certification. Moreover, Defendant's request for relief comes years after the judgment under attack, and rests on no facts or law unavailable at the time of the judgment. Even if treated as a "true" Rule 60 Motion, therefore, the Motion would be untimely. As a substantive matter, I find no authority supporting Defendant's argument that the statute of conviction is unconstitutional, and, as repeatedly and previously noted in this proceeding, the other challenges that he now raises were previously rejected. He has not demonstrated that he is entitled to relief under Rule 60(3) or (4),[1] and his Motion must be denied.

---

[1] To the extent that Defendant intended to seek relief under Rule 60(b)(6), the Motion is also denied. Rule 60(b) motions are deemed to request "extraordinary relief which should be granted only where extraordinary justifying

AND NOW, this 31st day of August, 2018, IT IS SO ORDERED.

BY THE COURT:

_/s/ Donetta F. Ambrose_
_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

---

circumstances are present." <u>Oat v. Sewer Enters</u>., 584 F. App'x 36, 41 (3d Cir. 2014). Accordingly, our Court of Appeals has warned that "courts are to dispense their broad powers under 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" <u>Cox v. Horn</u>, 757 F.3d 113, 120 (3d Cir. 2014). Defendant has not demonstrated the required extraordinary circumstances.