IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 12-52 |
| | ) |
| JAMES LAMONT JOHNSON, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Following a jury trial, Defendant was found guilty and subsequently sentenced in October 2013 to 120 months' incarceration and 3 years' supervised release for possessing an unregistered firearm silencer, in violation of 26 U.S.C. § 5861(d). (Docket Nos. 5, 69, 84). Defendant unsuccessfully appealed his conviction. (Docket No. 96). Defendant also unsuccessfully moved to vacate his conviction under 28 U.S.C. § 2255 and filed a litany of other *pro se* motions that the Court construed as second or successive § 2255 motions and denied. (Docket Nos. 98, 106, 113, 125, 136, 146, 186, 192, 239, 244).

Presently before the Court are Defendant's Motions to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1) and his reply in further support thereof, (Docket Nos. 249, 253, 254), wherein he reasserts arguments claiming that there are discrepancies in the docket which evidence fraudulent conduct by the Government, all of which have been repeatedly addressed and rejected in this litigation. Defendant now requests the Court to order the Government to provide Defendant with any records to show "how [it] established subject matter jurisdiction," to "show cause of why Magistrate Judge Susan Paradise Baxter should not have to provide [the criminal complaint and executed arrest warrant to] establish that this Court has subject

1

matter jurisdiction," or to otherwise "vacate and set judgment aside" and immediately release him from custody. (Docket No. 249 at 3).

Notwithstanding the fact that Defendant's request for relief is exceedingly untimely and contrary to the finality of his judgment, the Court has considered his Motions under the liberal standards applicable to *pro se* litigants. For reasons stated in numerous prior Orders issued by the Court, in which it has thoroughly explained why the docket and the relevant documents which Defendant claims to be deficient are proper and correct, as well as reasons stated in the Government's Response, (*see* Docket No. 251), which are incorporated herein, the Court finds that Defendant is not entitled to the relief he seeks, and his Motions will be denied.

In so ruling, the Court notes that Defendant's Motions to dismiss for lack of subject matter jurisdiction reference Federal Rule of Civil Procedure 12(b)(1), which has no applicability in this criminal case. Moreover, Defendant's assertions in his Motions regarding alleged docket discrepancies are irrelevant to the Court's subject matter jurisdiction, which was proper. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction . . . of all offenses against the laws of the United States."); *United States v. Potts*, 251 F. App'x 109, 111 (3d Cir. 2007) ("[W]here an indictment charges a defendant with violating the laws of the United States, section 3231 provides the district court with subject matter jurisdiction and empowers it to enter judgment on the indictment."). In summary, Defendant's contention that the Court lacks subject matter jurisdiction is wholly without merit, and he otherwise identifies no authority indicating that he is entitled to any form of post-sentencing relief.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 12th day of April, 2024, IT IS HEREBY ORDERED that Defendant's Motions to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1), (Docket Nos. 249, 254), are DENIED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record

James Lamont Johnson (via U.S. Mail)
# 20078-068
FCI Cumberland
Federal Correctional Institution
P.O. Box 1000
Cumberland, MD 21501